FILED
CLERK
8/1/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHARLES POWELL,
*"Light Rising Water"* of the Guale
Yamassee tribe,

       *Plaintiff*,

  -against-

ANANIAS GRAJALES, THOMAS A. ADAMS, BANK OF NEW YORK MELLON, DERMOT MCDONOUGH, HAROLD DAMM, LETITIA JAMES, UNITED STATES DEPARTMENT OF AGRICULTURE RURAL DEVELOPMENT, BROOKE ROLLINS & ROGER GLENDENNING,

       *Defendants*.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-02178 (GRB) (JMW)

**A P P E A R A N C E S:**

 **Charles Powell**
 3386 Bertha Drive
 Baldwin, NY 11510
 *Pro Se Plaintiff*

 Kimberly Ann Kinirons
 Rudolph Max Baptiste
 **New York State Attorney General's Office**
 300 Motor Parkway, Suite 205
 Hauppauge, NY 11788
 *Attorneys for State Defendants*

 *No appearance by other Defendants*

**WICKS**, Magistrate Judge:

  The question before the court is whether transfer of venue from the Central Islip Division to the Brooklyn Division of the Eastern District of New York is proper. *Pro se* Plaintiff Charles Powell ("Plaintiff") moves for this intradistrict transfer pursuant to 28 U.S.C. § 1404(a). (ECF

1

No. 34.) Plaintiff asserts this motion is supported by evidence of Plaintiff's hardship, including accessibility issues under the Americans with Disabilities Act ("ADA") and the alleged stronger connections in Brooklyn. Defendants Thomas A. Adams ("Adams"), Ananias Grajales ("Grajales"), and Letitia James ("James" and collectively, the "State Defendants") oppose this motion (ECF No. 39). For the reasons that follow, Plaintiff's Motion to Change Venue (ECF No. 34) is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff brings the instant action against Defendants Ananias Grajales, Thomas A. Adams, Bank of New York Mellon, Dermot McDonough, Harold Damm, Letitia James, United States Department of Agriculture, Rural Development, Brooke Rollins, and Roger Glendenning (collectively, the "Defendants") to prevent further proceedings in Nassau County Supreme Court, Index No. 007502/2008 related to mortgage foreclosure proceedings and assert violations of his civil rights under the Federal Constitution. (*See generally* ECF No. 1.) Specifically, Plaintiff's cause of action includes (i) Violation of Federal Removal Statute 28 U.S.C. § 1446, (ii) Violation of Tribal Sovereignty and Self-Determination, (iii) Violation of Indian Civil Rights Act, 25 U.S.C. § 1301 *et seq.*, (iv) Violation of Federal Trust Responsibility, and (v) Constitutional Rights Violations under the Fifth and Fourteenth Amendments (*Id*. at 37-41.)

Plaintiff seeks *inter alia*, that the Court to (i) declare that notice of removal was properly filed, (ii) issue an immediate temporary restraining order and preliminary injunction that prevents Defendants from exercising further jurisdiction, enforcing state court orders, and interfering with tribal property rights, (iii) award compensatory and punitive damages as well as attorney's fees, (iv) grant declaratory relief, and (v) stop any foreclosure proceedings. (*Id*. at 42-43.)

## PROCEDURAL HISTORY

Plaintiff filed this Complaint on April 18, 2025. (ECF No. 1.) The State Defendants filed pre-motion conference requests to dismiss the Complaint for lack of jurisdiction and failure to state a claim. (ECF Nos. 11, 15.) On June 10, 2025, the Court issued an Order that all pretrial proceedings will be referred to the assigned Magistrate Judge. (*See* Electronic Order dated 6/10/2025.) Thereafter, among the many motions that were filed, Plaintiff requested emergency relief and additional time to file an amended complaint. (ECF Nos. 20-23.) The Hon. Judge Gary R. Brown denied the emergency relief requests. (Electronic Order dated 7/8/2025.) As Plaintiff requested to file an amended complaint, which the State Defendants did not object to, the pre-motion conference requests were denied as *moot*. (*Id.*; ECF No. 26.) Multiple conferences have been adjourned or rescheduled in this matter. (ECF Nos. 24, 27; Electronic Orders dated 7/10/2025, 7/13/2025.) Relevant here, is Plaintiff's latest Motion to Change Venue (ECF No. 34), which is opposed by the State Defendants (ECF No. 39).

## THE LEGAL FRAMEWORK

"Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting 28 U.S.C. § 1404(a)). The moving party has the burden of establishing by clear and convincing evidence that transfer is justified. *See Mulgrew v. United States Dep't of Transp.*, 717 F. Supp. 3d 281, 286 (E.D.N.Y. 2024). "[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue." *Everlast World's Boxing Headquarters Corp v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013).

3

A motion to transfer requires a two-step inquiry. First, the Court must determine whether the case could have been brought in the proposed transferee district. *Mulgrew*, 717 F. Supp. 3d at 286 (citing *Herbert Ltd. P'ship v. Elec. Arts Inc*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004)). Second, the Court must determine whether transfer of the case is appropriate. *Id*.

The Court looks to several factors, including:

> (1) weight accorded to the Plaintiff's choice of forum; (2) convenience of witnesses; (3) convenience of parties; (4) locus of operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) location of relevant documents and other sources of proof; (7) relative financial means of the parties; (8) relative familiarity of the forum with the governing law; and (9) the interests of justice.

*L. Offs. of Geoffrey T. Mott, P.C. v. Hayden*, No. 22-CV-07398 (JS) (SIL), 2023 WL 7386665, at *2 (E.D.N.Y. Nov. 8, 2023) (citing *United States v. All Funds on Deposit in Bus. Money Mkt. Acct.*, 319 F. Supp. 2d 290, 293 (E.D.N.Y. 2004)).

These factors are not exhaustive, there is no rigid formula for balancing them, and no single factor is determinative. *See D.H. Blair & Co.*, 462 F.3d at 106 ("notions of convenience and fairness are considered on a case-by-case basis"). In addition, the "Rules for the Division of Business for the Eastern District of New York ('Division Rules') permit the Court to transfer a civil case assigned to the Central Islip division of the Eastern District New York to the Brooklyn division "in the interests of justice." *L. Offs. of Geoffrey T. Mott, P.C.*, 2023 WL 7386665, at *2 (citing Division Rule 1(f)). However, under these Rules, however, there is a time within which the application must be made, namely, the party must file this request "within the time allowed to respond to the complaint." *Id.* (citing Division Rule 1(f)(2)).

## **DISCUSSION**

Plaintiff requests that the Court transfer this action from the Central Islip Division to the Brooklyn Division for the convenience of the parties and witnesses and in the interests of justice.

(*See generally*, ECF No. 34.) The factors for deciding whether venue transfer is proper are addressed accordingly.

    i.    ***Whether This Action Could Have Been Brought in the Brooklyn Division***

Pursuant to Section 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .." 28 U.S.C. § 1391(b)(2). Both the Brooklyn and Central Islip courthouses can exercise jurisdiction over any matter properly pending within the Eastern District. *All Funds*, 319 F. Supp. 2d at 292.

However, based upon the Division Rules and the internal process for management of cases, certain cases are designated to the Central Islip Courthouse rather than the Brooklyn Courthouse. *See* Division Rules. Division Rule 1(d)(3) states that any civil case, in which a substantial part of the events occurred in Nassau or Suffolk County, or that the property is situated there, shall be designated to the Central Islip Courthouse. *See* Division Rule 1(d)(3). Under Division Rule 1(f)(2), a party in a civil case may file a motion to change courthouse assignment within the time allowed to respond to the complaint. *Id.* at 1(f)(2). As Plaintiff's property is situated in Nassau County, the case was designated to Central Islip. (ECF No. 39 at 7.) The last day for Plaintiff to file a motion to change courthouse assignment was June 20, 2025. (*See* ECF No. 10.) Nonetheless, Plaintiff waited until July 21, 2025, to file the instant motion. (ECF No. 34.)

It is important to note that these guidelines "are adopted for the internal management of the caseload" and "shall not be deemed to vest any rights in litigants or their attorneys." Division Rules at 1. There is no indication or reason why this case could not have been brought in Brooklyn besides the internal management system designating this case to this Courthouse. Since the Brooklyn Division can properly exercise jurisdiction over this case, the Court must next

5

determine whether the action should be transferred there. In doing so, as noted above, the Court has "broad discretion in this determination, and may consider a number of factors relating to convenience and the interests of justice." *Price v. Kohn, Swift & Graf, P.C.*, No. 24-CV-04720 (JMW), 2024 WL 4528928, at *5 (E.D.N.Y. Oct. 18, 2024) (quoting *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 449 (E.D.N.Y. 2013)). This factor remains neutral.

    *ii.*    **<u>Convenience to the Parties and Witnesses</u>**

"A plaintiff's choice of forum must be given deference and transfer should only be ordered if the balance of conveniences weighs strongly in favor of the change of forum." *Prompt Nursing Emp. Agency LLC v. Valdez*, 222 F. Supp. 3d 194, 198 (E.D.N.Y. 2016). Transfer of venue "should not merely shift the burden of inconvenience from one party to another." *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006).

In considering the convenience of the witnesses, a court "must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 396 (S.D.N.Y. 2014) (quoting *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F.Supp.2d 395, 404 (S.D.N.Y.2005)). Courts often look to the "parties' principal places of business and the location of their offices". *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 468 (S.D.N.Y. 2020) (citing *Royal & Sun Alliance Ins., PLC v. Nippon Express, USA, Inc.*, 202 F.Supp.3d 399, 407 (S.D.N.Y. 2016). The distance between the witnesses' residences or offices and the conflicting forums helps determine the level of inconvenience. *See Neil Bros*, 425 F. Supp. 2d at 328.

Here, Plaintiff asserts that key witnesses, and named Defendants including Matthew James, Letitia James and Bank of America, are closer to Brooklyn than Central Islip. (ECF No. 34 at 2.) Additionally, Plaintiff conclusory asserts that Tribal Witnesses of the Guale Yamassee

6

tribe "face significant travel hardships to Central Islip due to distance and transportation." (*Id.*) Further, considering Plaintiff's documented disabilities, Plaintiff contends that Central Islip is "less accessible due to limited public transportations options." (*Id.*)

State Defendants' Opposition adds that Matthew James also maintains offices in Nassau and Suffolk counties. (ECF No. 39 at 5.) The Opposition challenges these statements by pointing that absent the submission of objective proof that Plaintiff no longer owns a motor vehicle, the distance between Brooklyn and Central Islip from Plaintiff's Baldwin residence "appears almost equidistant." (*Id.* at 4.) *See Longsworth v. County of Nassau*, No. 17-CV-6787(KAM)(ARL), 2019 WL 8587289, at *4 (E.D.N.Y. July 16, 2019) (denying venue transfer between Brooklyn and Central Islip because moving party "provide[d] no basis whatsoever as to why this minor difference in travel would prevent them from conveniently producing witnesses"). Further, Plaintiff's motion does not provide any support for the notion that Plaintiff's disabilities could be met and "accommodations provided solely at the Brooklyn, rather than Central Islip, courthouse." (*See* ECF No. 39 at 5.) Accordingly, this factor weighs against transfer.

   iii. ***Location of Relevant Documents and Ease of Accessibility to These Sources of Proof***

Courts within the Second Circuit generally view the ease and location of relevant documents factor as a neutral one considering the modern and advanced technological age where access to documents has become increasingly easier. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly."); *see also Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 481 (S.D.N.Y. 2009) ("documents may be transferred… across the country with little difficulty, using electronic means of duplication and transmission.").

Here, Plaintiff does not address this factor. State Defendants' Opposition asserts that most, if not all, of the relevant files and documents relevant to Plaintiff's claims and defenses by the other Defendants are likely accessible on the New York State Courts Electronic Filing System. (ECF No. 39 at 5.) Accordingly, this factor does not support a transfer.

iv. **_Location of Operative Facts_**

"To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015) (citing *Martignago v. Merrill Lynch & Co.*, 11-CV-3923, 2012 WL 112246, at *6 (S.D.N.Y. Jan. 12, 2012)). Indeed, courts often look to where a party resides, has headquarters, or maintains its personal place of business when finding the relevant location of operative facts. *See Zaltz*, 952 F. Supp. 2d at 460 (holding that the locus of operative facts was correctly determined to be where the defendant's place of business was because this was where the alleged wrongful conduct derived from).

Plaintiff does not address this factor. The Opposition asserts that because Plaintiff's property is located in Baldwin, New York then the locus of operative fact is Nassau County, which in turn is not Brooklyn. (ECF No. 39 at 5-6.) Because the Baldwin property is situated in Nassau County, this factor weighs against transfer. *See L. Offs. of Geoffrey T. Mott, P.C.*, 2023 WL 7386665 at *4 (denying motion to transfer venue because "the conduct giving rise to the claims occurred in Nassau County").

v. **_Forum's Familiarity with Governing Law_**

With respect to the relative familiarity of each district with governing law, where both courts are equally equipped to handle the causes of action, this factor is a neutral one. *See Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 650–51 (S.D.N.Y. 2008) (illustrating where a court

8

turns to other more significant factors where both potential districts were "well-equipped" to preside over the claims); *see also Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 620 (S.D.N.Y. 2016) (ruling that this factor weighs against transfer because both districts are familiar with federal copyright laws).

Plaintiff asserts that the Brooklyn courthouse "has greater resources to handle complex cases involving issues of tribal sovereignty, alleged IRS misconduct, and related bankruptcy proceedings." (ECF No. 34 at 3.) The Court agrees with State Defendants that "Plaintiff offers nothing to explain why the Brooklyn courthouse would be comparatively in a better position to address his claims than the Central Islip courthouse." (ECF No. 39 at 6.) Furthermore, both Courthouses have dealt with matters such as the one at hand here. Thus, this factor weighs against transfer.

    vi.    **_Interest of Justice_**

"The Court's consideration of whether transfer is in the interest of justice is based on the totality of the circumstances and relates primarily to issues of judicial economy." *Richardson v. Nat'l R.R. Passenger Corp.*, 2022 WL 3701492, at *6 (S.D.N.Y. Aug. 26, 2022) (quoting *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005)). The further along a case is in the litigation process, the less efficient a transfer would be. *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 216 (S.D.N.Y. 2024). A court's familiarity with the case is an issue to be considered in connection with this factor. *See e.g., Haber v. ASN 50th St. LLC*, 2011 WL 1226282, at *2 (S.D.N.Y. Mar. 30, 2011) ("Given this Court's familiarity with the action," as well as the fact that "[d]iscovery is nearly complete,… judicial economy weighs strongly in favor of a final adjudication by this Court.").

9

Plaintiff argues that there is no prejudice to Defendants, relies on the "greater resources" in Brooklyn and conclusory states that it is the public's interest to have it in Brooklyn to promote accessibility. State Defendants do not address this factor. Given that discovery on this case has not yet been scheduled, this factor weighs in favor of transfer. *See Guardian Life Ins. Co. of Am.*, 724 F. Supp. 3d at 217 (Court holds this factor weighs in favor of transfer because the Court has not "adjudicated any substantive motions or even any discovery disputes relating to the claims").

As for any remaining factors, as the parties do not argue for or against, such factors remain neutral. In sum, reviewing the totality of the circumstances, more factors weigh against than for transfer. Accordingly, the motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Change Venue (ECF No. 34) is **DENIED**.

Dated:  Central Islip, New York.
       August 1, 2025

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

10