FILED
CLERK
9/22/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CHARLES POWELL, *"Light Rising Water" of the Guale Yamassee tribe*, and VALERIE POWELL,

                                *Plaintiffs*,

    -against-

BANK OF NEW YORK MELLON, HAROLD DAMM,
*Referee, Individual Capacity*, NEWREZ SHELLPOINT LLC,
MATTHEW JAMES, *IRS Agent, Individual Capacity*,
NYS DEPARTMENT OF TAXATION & FINANCE,
FORD MOTOR CREDIT COMPANY, and TIAA-CREF,

                                *Defendants*.
---------------------------------------------------------------------------X

**ORDER**

25-CV-02178 (GRB) (JMW)

**WICKS,** Magistrate Judge:

      Before the Court is pro se Plaintiffs' Motion to Disqualify Defendant Harold F. Damm ("Damm") from representing himself.[1] (ECF No. 56.) Plaintiffs allege that due to Damm's prior "judicial role" as a referee in the foreclosure proceedings, there is a direct conflict. (*Id.* at 1; ECF No. 63 at 1.) Plaintiffs request Damm be disqualified from representing himself, that sanctions be imposed, and that he be referred to the New York State Commission on Judicial Conduct for

---

[1] Plaintiffs filed two additional motions on the very same issue. (*See* ECF Nos. 63, 78.) Upon review, the Court found the same issues were raised and were duplicative. Thus, an Order was issued finding the latter motions *moot* and deeming the original filed motion as the motion to be considered. (*See* Electronic Orders dated 9/17/2025.) However, since Plaintiffs are proceeding *pro se*, out of abundance of caution, and to the extent that additional information is contained in the other filings, the Court considered on this motion all of the documents filed in the additional motions as well. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted) ("The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.")

1

investigation. (*Id.*) For the following reasons, Plaintiffs' Motion to Disqualify Damm is **DENIED**.[2]

## DISCUSSION

The right to represent oneself and appear pro se in an action is a statutory right provided to any individual sued in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") Representation in a litigation may be "by an attorney admitted to the practice of law by a governmental regulatory body, [or] . . . by a person representing himself." *Schoch v. Scattaretico-Naber*, No. 24-CV-2294 (CS), 2024 WL 2221383, at *3 (S.D.N.Y. May 16, 2024) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). It therefore follows that when an individual chooses the path of self-representation but happens also to be an admitted attorney, that person has the same rights as any other to represent him or herself. The one caveat is that the level of leniency provided to a non-lawyer pro se litigant in the review of filings and submissions does not apply to that of an attorney proceeding pro se. *See Reynolds v. Mercy Inv. Servs., Inc.*, No. 24-CV-02636 (NJC) (JMW), 2024 WL 1740870, at *3 (E.D.N.Y. Apr. 23, 2024) (citing *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("Although Reynolds is proceeding pro se, she is an experienced, practicing attorney 'familiar with the procedural setting presented' and accordingly is not entitled to the special solicitude generally afforded to pro se plaintiffs.")).

This right "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." *Traguth v. Zuck*,

---

[2] The Court makes note that in the latest duplicative motion for disqualification (ECF No. 78), Plaintiffs request entry of default be entered against Damm. (*Id.*) However, this is also another duplicative ask of the Court. Indeed, this very same request was denied by the Clerk of the Court on August 20, 2025. (*See* Electronic Order dated 8/20/2025.)

710 F.2d 90, 94 (2d Cir. 1983) (quoting *O'Reilly v. New York Times Co.,* 692 F.2d 863, 867 (2d Cir. 1982)). Only in limited circumstances have courts denied a party this statutory right to represent themselves. *See O'Reilly*, 692 F.2d at 868 (discussing circumstances to limit self-representation such as (i) timing and disruption of the case and (ii) hybrid representations, meaning the party wants to proceed *pro se* and be represented by an attorney simultaneously); *see also Kaufman LLC v. Est. of Feinberg*, No. 13-CV-01259 (VAB), 2022 WL 13845083, at *7 (D. Conn. Oct. 24, 2022) (quoting *Shaw & Levine v. Gulf & W. Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 263 (2d Cir. 1979) ("When considering motions to disqualify, the Second Circuit has 'attached considerable significance' to the 'delay and additional expense created by substitution of counsel.'")); *compare Rice v. Lightmas*, 577 S.E.2d 2, 4 (Ga. Ct. App. 2003) (citing *Johnston v. Aderhold*, 455 S.E.2d 84, 86 (Ga. Ct. App. 1995) ("A litigant, however, may not be 'disqualified' or prohibited from exercising his constitutional right to represent himself pro se.")). Although unlike in the criminal context where there are Sixth Amendment implications, there is no constitutional right to represent oneself, but rather the right arises by statute, namely Section 1654.

Here, it is undisputed that Damm served as a court-appointed referee in the foreclosure proceedings against Plaintiffs in the Supreme Court, Nassau County, Index No. 007502/2008. (*See* ECF Nos. 49 at 15-16; 65 at 1; 71 at 1.) Plaintiffs in their original complaint and later amended complaint named Damm as a defendant. (ECF Nos. 1, 49.) Damm appeared in the instant action and is proceeding pro se. (ECF No. 48.) According to Damm, he never represented Plaintiffs in any matter, including the foreclosure action. (ECF No. 71 at 1.) His role "was strictly as a neutral officer of the court, appointed to issue reports and oversee the foreclosure sale directed by the court. [He] did not act as an advocate for any party, nor did [he] acquire any

3

confidential information." (*Id.* at 1-2.) Therefore, Damm argues no conflict exists and the motion should be denied. (ECF No. 71-1 at 6-8.)

Plaintiffs offer no cases or other authority, nor has the Court independently found any, that support the notion that a lawyer representing himself pro se, defending a civil action brought against him could be disqualified on the basis of a perceived conflict of interest. Indeed, the only statute cited by Plaintiffs is New York's Judiciary Law § 470 – which relates to an attorney's ability to hold an office in a state in which the attorney practices while residing in an adjoining state – has no application to the facts at hand. *See* N.Y. Judiciary Law § 470. And, the only case cited, *People v. Moreno*, 516 N.E.2d 200 (N.Y. 1987) relates to a judge's disqualification to proceed with a bench trial after receiving inadmissible evidence, again not applicable here. (ECF No. 56 at 1). Damm is not a judge nor is he trying the matter.

Accordingly, the Court finds no grounds exist to "disqualify" Damm and to strip him of his statutory right to appear pro se. As such, the motion is denied, and the Court declines the request for sanctions or to refer Damm to any investigative agency.

## CONCLUSION

For the reasons stated, Plaintiffs' Motion to Disqualify (ECF No. 56) is **DENIED**.

Dated: Central Islip, New York
September 22, 2025

**S O   O R D E R E D:**
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge