FILED
CLERK

9/23/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES POWELL, *"Light Rising Water"* of the Guale
*Yamassee tribe*, and VALERIE POWELL,

                                        *Plaintiffs*,

                                                                            **ORDER**

                                                                    25-CV-02178 (GRB) (JMW)

                -against-

BANK OF NEW YORK MELLON, HAROLD DAMM,
*Referee, Individual Capacity*, NEWREZ SHELLPOINT LLC,
MATTHEW JAMES, *IRS Agent, Individual Capacity*,
NYS DEPARTMENT OF TAXATION & FINANCE,
FORD MOTOR CREDIT COMPANY, and TIAA-CREF,

                                        *Defendants*.

------------------------------------------------------------------------X

**A P P E A R A N C E S:**

        **Charles Powell**
        **Valerie Powell**
        3386 Bertha Dr.
        Baldwin, NY 11510
        *Pro Se Plaintiffs*

        Rudolph M. Baptiste
        **NYS Office of The Attorney General**
        Suffolk Regional Office
        300 Motor Parkway, Ste 230
        Hauppauge, NY 11788
        *Attorney for <u>Terminated</u> State Defendants &*
        *Attorney for current Defendant, NYS Department of Taxation & Finance*

        Harold F. Damm
        **Harold F. Damm, Esq.**
        393 Old Country Road, Suite 300
        Carle Place, NY 11514
        *Defendant appearing Pro Se*

1

Michael E. Rosen
**Houser LLP**
60 E. 42nd Street, Suite 2200
New York, NY 10165
*Attorney for Bank of New York Mellon & Newrez Shellpoint LLC*

**WICKS,** Magistrate Judge:

The latest motions before the Court are pro se Plaintiff Charles Powell's[1] ("Plaintiff" or "Mr. Powell") Motion for an Emergency Stay of all State Court Proceedings, including the eviction hearing scheduled for September 30, 2025 (ECF Nos. 67-70[2]), and a Motion for Preliminary Injunction (ECF No. 76). Defendants Bank of New York Mellon and Newrez Shellpoint LLC (the "Bank Defendants") oppose the motions (ECF Nos. 75, 81), the remaining Defendants take no position on the stay of state court proceedings (ECF Nos. 74, 77). However, the State Defendants[3] request that the court review their arguments in an earlier entry as an opposition to the newly added Preliminary Injunction motion. (ECF Nos. 51, 79.)

For the reasons that follow, Plaintiff's Motions to Stay all State Court Proceedings (ECF Nos. 67-68) and the Motion for Preliminary Injunction (ECF No. 76) are all **DENIED**.

---

[1] Some of the instant motions include a signature line for Mr. Powell and none for co-plaintiff Valerie Powell ("Ms. Powell"). (*See* ECF Nos. 67-68.) However, the relief requested appears to be for both Plaintiffs. The Court in a separate, now closed matter with Plaintiffs, reminded the parties that "pro se Plaintiff Mr. Powell ... cannot represent his wife, pro se Plaintiff Ms. Powell, and that Ms. Powell must appear either personally or by counsel at all Court appearances, and failure to comply may result in sanctions." *See Powell et al. v. James et al.*, Case No. 21-CV-06419 (GRB) (JMW), ECF No. 25. As such, the parties are reminded again that if they intend on proceeding pro se, they must individually do so or retain counsel.

[2] Plaintiff filed "supplemental" motions and supporting documents (*see* ECF Nos. 68-70), including an unauthorized reply (ECF No. 80). Plaintiffs are to review the undersigned's Individual Rules as Rule 3 makes clear that discovery and non-dispositive letter motions, such as the ones at hand, do not permit replies.

[3] The "State Defendants" are terminated parties (i) Ananias Grajales, (ii) Thomas A. Adams, and (iii) Letitia James, and current defendant, NYS Department of Taxation & Finance.

## THE LEGAL FRAMEWORK & DISCUSSION

Plaintiff seeks an order "staying all state court proceedings including the eviction scheduled for September 30, 2025 hearing, until the matters pending before this Court are fully resolved."[4] (ECF Nos. 67 at 2-5, 8; 68 at 2; 69 at 2; 70 at 2.) This is tantamount to a request to enjoin any further state court proceedings — i.e., an injunction or restraining order. Indeed, Plaintiff in his motion, which was filed on September 15, 2025, seeks an order granting a preliminary injunction to stop any further enforcement of the eviction proceedings. (ECF No. 76.)

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Courts in this Circuit have long held that the Anti-Injunction Act [28 U.S.C. § 2283] applies to state-court evictions proceedings." *Gomez v. Yisroel*, No. 21-CV-2172 (PAC), 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (quoting *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming district court's decision to deny enjoining eviction proceedings). Indeed, many cases have denied a party's request for an injunction or temporary restraining order ("TRO") in connection with state eviction hearings. *See e.g.*, *Keir v. Schoeberl*, No. 25-CV-056 (ECC) (MJK), 2025 WL 437953, at *3 (N.D.N.Y. Feb. 7, 2025), *reconsideration denied*, No. 25-CV-056 (ECC) (MJK), 2025 WL 520764 (N.D.N.Y. Feb. 18, 2025) (discussing the prohibition against granting injunctions to stay state eviction proceedings and denying plaintiff's request for such relief); *Quinn v. Ross*, No. 25-CV-0645-MAV, 2025 WL 2020142, at *1 (W.D.N.Y. July

---

[4] Mr. Powell in his original motion cites to 28 U.S.C. § 1651, which authorizes courts to issue writs when necessary. (ECF No. 67 at 1.) However, that is not the relevant statute at issue here.

19, 2025) (denying Plaintiff's TRO request as it was barred by the Anti-Injunction Act); *Manning v. City of New York*, No. 24-CV-4747 (LGS), 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024) (same).

Moreover, there are narrow exceptions to the Anti-Injunction Act. State proceedings "'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately' the United States Supreme Court." *Id.* (quoting *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020)). So, any "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Charisma Mosley v. Selip & Stylianou, LLP*, No. 25-CV-02919 (NCM) (CLP), 2025 WL 2614972, at *2 (E.D.N.Y. Sept. 10, 2025) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). The Hon. Judge Natasha C. Merle explained that the limited exceptions are,

> The first exception to the Anti-Injunction Act allows a federal court to stay a state court proceeding where expressly authorized by Congress and applies where an Act of Congress clearly creating a federal right or remedy enforceable in a federal court of equity could be given its intended scope only by the stay of a state court proceeding. …The second exception to the Anti-Injunction Act, which allows a federal court to stay a state court proceeding where necessary in aid of its jurisdiction, is generally reserved for state court actions *in rem*[5], because the state court's exercise of jurisdiction necessarily impairs, and may defeat, the federal court's jurisdiction over the *res*. … Lastly, the third exception to the Anti-Injunction Act, which is called the relitigation exception, permits a federal court to enjoin a state court proceeding to protect or effectuate [the federal court's] judgments. This exception allows a federal court to enjoin state litigation of a claim or issue that was previously presented to and decided by the federal court.

*Id.* at *2-3 (citations and quotations omitted) (cleaned up).

---

[5] Judge Merle also clarified that *in rem* "is an action '[i]nvolving or determining the status of a thing'" … whereas "'*in personam*' [refers to] an action 'brought against a person rather than property.'" *Id.*

Here, none of the exceptions apply. First, the Amended Complaint does not contain any claims that would expressly authorize a stay of the state proceedings. (*See* ECF No. 49.) Nor does Plaintiff identify any in either motion. Second, the Nassau County District Court action is against Plaintiffs. (*See generally*, ECF No. 75-2.) There, the case deals with the eviction process. (*Id.*) Third, there are no claims or issues that were previously decided by this Court in connection with the state court action, that would be harmed if the state proceedings continue.

Therefore, a stay of proceedings or issuance of a preliminary injunction is barred pursuant to 28 U.S.C. § 2283.[6] *See Tupper v. New York*, No. 24-CV-2582 (GRB)(SIL), 2024 WL 5399241, at *3 (E.D.N.Y. Oct. 17, 2024) (denying stay of foreclosure proceedings as no exception to the Anti-Injunction Act was identified); *Isaac v. Schiff*, No. 21-CV-11078 (PMH), 2022 WL 3290679, at *2 (S.D.N.Y. Aug. 11, 2022) (same); *Manning*, 2024 WL 3377997, at *2 ("TRO Application is barred by the Anti-Injunction Act because it seeks to enjoin a state court proceeding"); *Charisma Mosley*, 2025 WL 2614972, at *2 ("Here, plaintiff's motion for a preliminary injunction does not identify any exception to the Anti-Injunction Act that would permit this Court to issue an injunction interfering in the state court debt collection proceeding.")

---

[6] It is unnecessary for the Court to address whether Plaintiff has met the burden for a preliminary injunction since the Anti-Injunction Act precludes such relief under the circumstances presented here. See *Tupper*, 2024 WL 5399241, at *3 (discussing the Anti-Injunction Act preclusion and not entertaining the merits of the relief sought).

## **CONCLUSION**

For the foregoing reasons, the Motions at ECF Nos. 67, 68, and 76 are **DENIED**.

Dated:  Central Islip, New York.
        September 23, 2025

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

6