**FILED**
**CLERK**
**10/23/2025**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES POWELL, *"Light Rising Water" of the Guale
Yamassee tribe*, and VALERIE POWELL,


                      *Plaintiffs,*


          -against-


BANK OF NEW YORK MELLON, HAROLD DAMM,
*Referee, Individual Capacity*, NEWREZ SHELLPOINT LLC,
MATTHEW JAMES, *IRS Agent, Individual Capacity*,
NYS DEPARTMENT OF TAXATION & FINANCE,
FORD MOTOR CREDIT COMPANY, and TIAA-CREF,


                      *Defendants.*
------------------------------------------------------------------------X

**ORDER**

25-CV-02178 (GRB) (JMW)

**A P P E A R A N C E S:**

    Rudolph M. Baptiste
    **NYS Office of The Attorney General**
    Suffolk Regional Office
    300 Motor Parkway, Ste 230
    Hauppauge, NY 11788
    *Attorney for Defendant NYS Department of Taxation & Finance*

    Harold F. Damm
    **Harold F. Damm, Esq.**
    393 Old Country Road, Suite 300
    Carle Place, NY 11514
    *Defendant appearing Pro Se*

    Michael E. Rosen
    **Houser LLP**
    60 E. 42nd Street, Suite 2200
    New York, NY 10165
    *Attorney for Bank of New York Mellon & Newrez Shellpoint LLC*

    *No appearance by Pro Se Plaintiffs*

**WICKS,** Magistrate Judge:

Before the Court are Motions to Stay Discovery filed by Defendant NYS Department of Taxation & Finance ("NYS Dep't of Tax") (ECF No. 96), Defendants Bank of New York Mellon and Newrez Shellpoint LLC (the "Bank Defendants") (ECF No. 97), and Defendant Harold F. Damm ("Damm" and collectively, the "Defendants") (ECF No. 98), pending the anticipated motions to dismiss. (*See* Electronic Order dated 9/30/2025.) While Pro se Plaintiffs, Charles Powell and Valerie Powell were afforded an opportunity to oppose, no such opposition was filed. (*See id.*) For the reasons that follow, Defendants' Motions to Stay Discovery (ECF Nos. 96-98) are all **GRANTED**.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

2

## ANALYSIS

In sum, consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendants have shown that Plaintiff's claims are unmeritorious and are unlikely to survive a motion to dismiss.[1] (*See* ECF Nos. 52, 59, 96-98.) *Second*, if discovery were to proceed, all fact discovery and depositions would have to be taken, while waiting for a ruling on the anticipated motion to dismiss, which could end the case. And *third*, given the very early stages of this case, although a heavy docket as a result of Plaintiffs' own doings, the risk of unfair prejudice to Plaintiffs are low. Each of these factors is considered below.

### I.    *Defendant's Showing that Plaintiff's Claims are Unmeritorious*

Defendants separately move pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6) to dismiss the entire Complaint. (ECF Nos. 96-98, 101, 105, 107.) Defendants intend to seek dismissal of all claims asserted in the Complaint. A review of the pre-motion conference letters (ECF Nos. 52, 59), and instant motions, illustrates that Plaintiffs' claims are likely to result in dismissal. The various grounds of dismissal are addressed below.

*Rooker-Feldman Doctrine – 12(b)(1)*

First, all Defendants cite to the *Rooker-Feldman* abstention doctrine, which explicitly provides that "[f]ederal courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Inn World Rep., Inc., Leonard C. LaBanco, Plaintiffs-Appellants, Thomas Kiely, Faith Kiely, John E. Morris, Plaintiffs, v. MB Fin. Bank NA, Fifth Third Bank, as successor in interest, Defendants-Appellees.*, No. 21-CV-2911, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) ("*Inn World*")

---

[1] This conclusion is not intended to pre-judge the motion to dismiss which has yet to be fully briefed. The analysis is done solely for the purpose determining whether a discretionary stay is appropriate.

(internal quotation marks omitted); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85

(2d Cir. 2005) (citing 28 U.S.C. § 1257(a)) ("Underlying the *Rooker–Feldman* doctrine is the

principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system,

only the Supreme Court may review state-court decisions."). "The doctrine applies where: (1) the

federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-

court judgment; (3) the plaintiff seeks district court review and rejection of that judgment; and

(4) the state-court judgment was rendered before the district court proceedings commenced." *Inn*

*World*, 2022 WL 17841529, at *3.

All Defendants similarly argue that under the applicable *Rooker-Feldman* Doctrine, this

Court lacks subject matter jurisdiction. (ECF Nos. 96 at 2; 97 at 5-6; 98 at 1.) A review of

Plaintiffs' Amended Complaint illustrates that Plaintiffs seek damages for the alleged fraud that

occurred in the state court proceedings while at the same time asking for their property back.

(*See generally*, ECF No. 49.) Plaintiffs' argument of the state court proceedings also

demonstrates that they were the losing party in that action. (*Id.*) The fraud claims that Plaintiffs

bring in connection to the foreclosure proceedings are likely barred. *See Vossbrinck v.*

*Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent Vossbrinck

asks the federal court to grant him title to his property because the foreclosure judgment was

obtained fraudulently, Rooker–Feldman bars Vossbrinck's claim.")  Moreover, the state-court

judgment was rendered in 2016, prior to this action. (ECF No. 97 at 6.) Therefore, at least some

of Plaintiffs' claims are barred by this doctrine.

*The Eleventh Amendment – 12(b)(1)*

Next, Defendant NYS Dep't of Tax seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1)

for lack of subject matter jurisdiction. (ECF No. 96 at 2.)

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing cases).

Courts have recognized that claims against the NYS Dep't of Tax "are barred by the principle of sovereign immunity." *Anand v. New York State Dep't of Tax'n & Fin.*, No. 10-CV-5142 (SJF) (WDW), 2012 WL 2357720, at *4 (E.D.N.Y. June 18, 2012); *Jordan v. New York State Dep't of Tax'n & Fin.*, No. 19-CV-3523 (CM), 2019 WL 4933569, at *1 (S.D.N.Y. Oct. 4, 2019) ("NYSDTAF is considered an arm of the State of New York."). Indeed, "it is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity. *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citations omitted). Based on the above, Defendant NYS Dep't of Tax will likely succeed on this ground.

*Res Judicata – 12(b)(6)*

Third, Bank Defendants and Defendant Damm contend that res judicata guides dismissal here pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 97 at 6; 98 at 1.) The doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826 (KAM) (JRC), 2023 WL 8283148, at *5 (E.D.N.Y. Nov. 30,

2023) (internal citations omitted) (collecting cases) ("To successfully prove the affirmative defense of *res judicata*, the party asserting the defense must show: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.")

Bank Defendants argue that the foreclosure proceeding was adjudicated on the merits. (ECF No. 97 at 6.) *See Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010), *aff'd,* 446 F. App'x 360 (2d Cir. 2011) ("First, the earlier state court action, which included a Final Judgment of Foreclosure and Sale, was a 'previous adjudication on the merits.'") Second, Plaintiffs were involved in both the state action and here. Third, the fraud and RICO claims that are brought here, could have been raised in the earlier action and the same goes for Plaintiffs' fraud claims regarding the bankruptcy action. (ECF No. 97 at 6. (citing *In re Valerie Powell*, Case No. 8-23-72405-(las) (E.D.N.Y.), ECF No. 94).) Therefore, *res judicata* precludes Plaintiffs from litigating similar issues in this action.

*Lack of Personal Jurisdiction - 12(b)(2)*

Lastly, Defendant NYS Dep't of Tax argues that the Court lacks personal jurisdiction over the Department under Fed. R. Civ. P. 12(b)(2). This is a result of Plaintiffs' failure to properly serve Defendant as required under Fed. R. Civ. P. 4[2] and N.Y. C.P.L.R. § 307[3]. (ECF No. 96 at 2.)

---

[2] The relevant portion of Fed. R. Civ P. 4 states "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

[3] New York law provides,

Here, a review of the purported certificate of service provided by Plaintiffs, demonstrates that service was not proper. (*See* ECF No. 49 at 5-6.) That it because it appears Plaintiffs did not deliver the summons to the assistant attorney general and rather only sent a certified mailing to the NYS Dep't of Tax. (*Id.*) Indeed, Plaintiffs bear the burden to show proper service, and thus far, Plaintiffs have failed to do. *See Walker v. New York State Dep't of Health*, No. 24-CV-6836 (NJC) (LGD), 2025 WL 1786917, at *6 (E.D.N.Y. June 26, 2025) (citing *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") Therefore, because the NYS Dep't of Tax has not been properly served, there is likely no personal jurisdiction.

Accordingly, this factor weighs *in favor* of granting the stay.

## II.    *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery including the possibility of depositions if the Court issues a 26(f) Scheduling Order. The Bank Defendants contend that a stay is necessary to avoid substantial burden and waste of resources. (ECF No. 97 at 7.) Defendant Damm joins in and adds that he would be "severely burdened" if discovery were

---

1. Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state. 2. Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. *Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by subdivision one of this section is completed.*

N.Y. C.P.L.R. § 307 (emphasis added).

to proceed. (ECF No. 98 at 1.) Importantly, Defendant NYS Dept' of Tax points out that most of the relevant documents are known to Plaintiffs as such documents have been relied upon in the various motions that Plaintiffs have filed.  (ECF No. 96 at 2.)

Given the above, allowing discovery to proceed would create burdensome efforts that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Thus, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024).

### III.    *Risk of Unfair Prejudice*

The Complaint was filed on April 18, 2025, and the original Initial Conference originally scheduled for July 22, 2025, has long been adjourned due to the extensive motion practice this case has endured. No discovery has taken place. "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation).

Moreover, Plaintiffs have not expressed or identified any particular undue prejudice if a stay is issued. Indeed, Plaintiffs although provided with an opportunity to oppose Defendants'

requests, have chosen not to. With that, the Court finds no reason to deny the motion to stay discovery at this juncture.

Accordingly, a careful consideration of the relevant factors and the Defendants' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, the unopposed Motions to Stay at ECF Nos. 96-98 are **GRANTED**.

Dated:  Central Islip, New York.
              October 23, 2025

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge