FILED
CLERK
12/30/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHARLES POWELL, *"Light Rising Water" of the Guale Yamassee tribe*, and VALERIE POWELL,

                *Plaintiffs*,

-against-

BANK OF NEW YORK MELLON, HAROLD DAMM,
*Referee, Individual Capacity*, NEWREZ SHELLPOINT LLC,
MATTHEW JAMES, *IRS Agent, Individual Capacity*,
NYS DEPARTMENT OF TAXATION & FINANCE,
FORD MOTOR CREDIT COMPANY, and TIAA-CREF,

                *Defendants*.
-------------------------------------------------------------------------X

**ORDER**

25-CV-02178 (GRB) (JMW)

**A P P E A R A N C E S:**

    **Charles Powell**
    **Valerie Powell**
    3386 Bertha Dr.
    Baldwin, NY 11510
    *Pro Se Plaintiffs*

    Rudolph M. Baptiste
    **NYS Office of The Attorney General**
    Suffolk Regional Office
    300 Motor Parkway, Ste 230
    Hauppauge, NY 11788
    *Attorney for Defendant, NYS Department of Taxation & Finance*

    Michael E. Rosen
    **Houser LLP**
    60 E. 42nd Street, Suite 2200
    New York, NY 10165
    *Attorney for Bank of New York Mellon & Newrez Shellpoint LLC*

    *No further appearances made for the instant motion*

**WICKS,** Magistrate Judge:

Following prior foreclosure and current eviction proceedings in New York state court, Pro se Plaintiffs Charles Powell and Valerie Powell ("Plaintiffs"), brought claims against Defendants[1] alleging among other things, that such proceedings were a result of fraud. (*See generally*, ECF Nos. 1, 49.) Recently, the undersigned issued a Report and Recommendation ("R&R") to the Hon. Gary R. Brown[2] recommending that the Defendants' Motions to Dismiss be granted. (*See* ECF No. 121.) While that R&R is pending before Judge Brown, Plaintiffs' latest motion seeks "emergency" relief to toll the time for Plaintiffs to retrieve their personal property post-eviction, currently held in a storage unit in connection with the State issued Eviction Warrant (the "Warrant"). (ECF No. 123; *see also* ECF No. 125-2 at 2.) The Court provided Defendants opportunity to oppose, to which only the Bank of New York Mellon and Newrez Shellpoint LLC (collectively, the "Bank Defendants"), filed opposition.[3] (ECF No. 125.) For the reasons that follow, Plaintiffs' Emergency Motion to Compel for Temporary Protective Relief is **DENIED**.

## THE LEGAL FRAMEWORK & DISCUSSION

On December 11, 2025, and December 12, 2025, Plaintiffs were evicted from their home, which is the subject of the underlying state proceedings. (ECF Nos. 123 at 1; 125 at 1.) The personal property of Plaintiffs was removed from the property and placed into a storage facility,

---

[1] The Defendants in this action are (i) Bank of New York Mellon ("Bank of NY"), (ii) Newrez Shellpoint LLC ("Newrez" and collectively with Bank of NY , the "Bank Defendants"), (iii) Harold Damm ("Damm"), (iv) Matthew James, IRS Agent, (v) NYS Department of Taxation & Finance ("NYS Dep't of Tax"), (vi) Ford Motor Credit Company, and (vii) TIAA-CREF (collectively the "Defendants").

[2] Judge Brown referred all pre-trial matters to the undersigned, including any dispositive motions, for a Report and Recommendation. (*See* Electronic Order dated 6/10/2025.)

[3] The NYS Department of Taxation & Finance takes no position in the instant motion. (*See* ECF No. 124.)

with a period of thirty (30) days to retrieve such belongings or the items may be deposed or sold pursuant to the Warrant. (ECF No. 123 at 2.) Now, Plaintiffs seek emergency temporary relief to prevent the loss of their personal property as a result of the foregoing. Bank Defendants oppose arguing that "Plaintiffs have no basis for the request relief" and the Court "lacks authority to enjoin" the actions that stem from the eviction, which includes the possible disposal of personal property after the 30-day timeframe is up. (ECF No. 125 at 1-2.)

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Courts in this Circuit have long held that the Anti-Injunction Act [28 U.S.C. § 2283] applies to state-court evictions proceedings." *Gomez v. Yisroel*, No. 21-CV-2172 (PAC), 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (quoting *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (citing *Watkins v. Cesar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming district court's decision to deny enjoining eviction proceedings)). "The Anti–Injunction Act, subject to some exceptions, prohibits injunctive relief that would interfere, directly or indirectly, with pending state proceedings … or that would 'prohibit utilization of the results of a completed state proceeding.'" *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113 (2d Cir. 2003) (citing *County of Imperial v. Munoz,* 449 U.S. 54, 58–59, 101 S.Ct. 289, 66 L.Ed.2d 258 (1980) (quoting *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)) (cleaned up); *Peters v. Caton Towers Owners Corp.*, No. 25-CV-4176 (RPK)(JRC), 2025 WL 2822614, at *3 (E.D.N.Y. Oct. 5, 2025) (same) (collecting cases where the Anti-Injunction Act prevents federal courts from enjoining eviction procedures and the procedures thereto).

3

The Anti-Injunction Act is "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act, which courts must construe 'narrowly.'" *Bosch v. Lamattina*, No. 08-CV-238 (JS)(AKT), 2008 WL 4820247, at *5–6 (E.D.N.Y. Nov. 4, 2008) (quoting *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 140-50 (1988).; *Armstrong v. Real Est. Int'l, Ltd.*, No. 05-CV-5383(SJ), 2006 WL 354983, at *3 (E.D.N.Y. Feb. 14, 2006) (stating the three statutory exceptions and describing them as "narrow"). Importantly, the Anti-Injunction Act "reflects our dual system of federal and state courts, and its core message is one of respect for state courts." *Gov't Emps. Ins. Co. v. Innovation Anesthesia & Pain Servs., P.C.*, No. 24-CV-2220 (MKB), 2025 WL 917509, at *7 (E.D.N.Y. Mar. 25, 2025) (internal citations and quotations omitted).

State proceedings "'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately' the United States Supreme Court." *Manning v. City of New York*, No. 24-CV-4747 (LGS), 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024) (quoting *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020)). So, any "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Charisma Mosley v. Selip & Stylianou, LLP*, No. 25-CV-02919 (NCM) (CLP), 2025 WL 2614972, at *2 (E.D.N.Y. Sept. 10, 2025) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). The Hon. Judge Natasha C. Merle explained the limited exceptions as follows:

> The first exception to the Anti-Injunction Act allows a federal court to stay a state court proceeding where expressly authorized by Congress and applies where an Act of Congress clearly creating a federal right or remedy enforceable in a federal court of equity could be given its intended scope only by the stay of a state court proceeding. …The second exception to the Anti-Injunction Act, which allows a federal court to stay a state court proceeding where necessary in aid of its

4

> jurisdiction, is generally reserved for state court actions *in rem*[4], because the state court's exercise of jurisdiction necessarily impairs, and may defeat, the federal court's jurisdiction over the *res*. … Lastly, the third exception to the Anti-Injunction Act, which is called the relitigation exception, permits a federal court to enjoin a state court proceeding to protect or effectuate [the federal court's] judgments. This exception allows a federal court to enjoin state litigation of a claim or issue that was previously presented to and decided by the federal court.

*Id.* at *2-3 (citations and quotations omitted) (cleaned up).

Here, none of the exceptions apply. First, no statute exists that Plaintiff could rely upon to grant the relief sought. *See Allen v. New York City Hous. Auth.*, No. 10-CV-168 (CM) (DCF), 2010 WL 1644956, at *3–4 (S.D.N.Y. Apr. 20, 2010) ("No such statute exists that Plaintiff could rely on here to stay eviction proceedings against him in state court; the first exception is therefore inapplicable.") Second, the state action is against Plaintiffs and the eviction proceedings as well as the effectuation of it does not aid in this Court's jurisdiction. In other words, the relief sought is not necessary to aid with the pending Report and Recommendation or any other tasks that the Court must perform when deciding the issues raised by Plaintiffs. *See id.* at *4; *Kristopher v. Stone St. Props., LLC*, No. 13 CIV. 566 RJS, 2013 WL 499752, at *3–5 (S.D.N.Y. Jan. 29, 2013) (citing *id.*) ("Moreover, a state proceeding 'would in no way impair this Court's flexibility and authority to resolve Plaintiff's other claims against [Defendants] and, if warranted, to award [her] damages.'") Third, there are no claims or issues that were previously decided by this Court in connection with the state court action, that would be harmed if the state eviction procedures or execution of the Warrant continue. *See Baumgarten v. Cnty. of Suffolk*, No. 07-CV-539 (JS)(AKT), 2007 WL 1490482, at *4–5 (E.D.N.Y. May 15, 2007) ("Since

---

[4] Judge Merle also clarified that *in rem* "is an action '[i]nvolving or determining the status of a thing'" … whereas "'*in personam*' [refers to] an action 'brought against a person rather than property.'" *Id.*

5

Plaintiff is not seeking to protect or enforce a prior federal court judgment, this exception is also inapplicable.")

Plaintiffs only recourse at this juncture is to seek this relief in state court. *See Milhaven v. Country Vill. Apartment*, No. 19-CV-2384 (KMK), 2020 WL 5663380, at *10 (S.D.N.Y. Sept. 23, 2020) (denying plaintiff's request to enjoin defendant with matters concerning the eviction proceedings as "with state proceedings ongoing, would be 'tantamount to interfering with, and thus enjoining, the state-court eviction proceeding' were the state court ultimately to issue an order allowing for Plaintiff's eviction."); *see also Aniades v. New York State Div. of Parole*, No. 21-CV-5975 (CM), 2023 WL 4421877, at *12 (S.D.N.Y. July 10, 2023) (internal citations omitted) ("Courts in this circuit have repeatedly found that the availability of an action in the Court of Claims and state law actions for negligence, replevin, or conversion are adequate post-deprivation remedies for a deprivation of personal property claim. Since Plaintiff fails to allege that his available state remedies are in any way inadequate or inappropriate, he cannot assert a claim for damages against Lis-Johnson in federal court for deprivation of his personal belongings.")  Denial of requests for an injunction or temporary relief in connection with state eviction proceedings are routinely the result. *See e.g.*, *Keir v. Schoeberl*, No. 25-CV-056 (ECC) (MJK), 2025 WL 437953, at *3 (N.D.N.Y. Feb. 7, 2025), *reconsideration denied*, No. 25-CV-056 (ECC) (MJK), 2025 WL 520764 (N.D.N.Y. Feb. 18, 2025) (discussing the prohibition against granting injunctions to stay state eviction proceedings and denying plaintiff's request for such relief);  *Quinn v. Ross*, No. 25-CV-0645-MAV, 2025 WL 2020142, at *1 (W.D.N.Y. July 19, 2025) (denying Plaintiff's temporary restraining order request as it was barred by the Anti-Injunction Act); *Manning*, 2024 WL 3377997, at *2 (same).

Therefore, extending or tolling the time to effectuate the state court proceeding, issuance of a temporary restraining order or preliminary injunction is barred pursuant to 28 U.S.C. § 2283.[5] *See St. Vincent's Multispecialty Grp., Inc. v. CPI/AHP Cross St. Mob Owner, L.L.C.*, No. 21-CV-01705 (VAB), 2021 WL 6124521, at *4–5 (D. Conn. Dec. 28, 2021) (explaining that the three exceptions do not apply to an eviction proceeding or the "summary process"); *Baumgarten*, 2007 WL 1490482, at *4 (finding that the Court was barred by the Anti-Injunction Act after " a Warrant of Eviction was issued by the Sixth District Court of Suffolk County"); *Charisma Mosley*, 2025 WL 2614972, at *2 ("plaintiff's motion for a preliminary injunction does not identify any exception to the Anti-Injunction Act that would permit this Court to issue an injunction interfering in the state court debt collection proceeding").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Emergency Motion to Compel for Temporary Protective Relief filed at ECF No. 123 is **DENIED**. The Clerk of the Court is respectfully directed to send Plaintiffs a copy of this Order to their last known address as well as any e-mail addresses previously provided to the Court and make such notation on the docket.

Dated: Central Islip, New York.
December 30, 2025

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[5] It is unnecessary for the Court to address whether Plaintiff has met the burden for a preliminary injunction since the Anti-Injunction Act precludes such relief under the circumstances presented here. *See Tupper v. New York*, No. 24-CV-2582 (GRB)(SIL), 2024 WL 5399241, at *3 (E.D.N.Y. Oct. 17, 2024) (discussing the Anti-Injunction Act preclusion and not entertaining the merits of the relief sought); *Peters*, 2025 WL 2822614, at *3 (focusing on the Anti-Injunction Act rather than the test for a preliminary injunction or similar relief).

7